**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 31 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

ERIC GOMEZ,

       Plaintiff/Appellant,

vs.

CITY OF EDGEWATER, a municipal
corporation; ROGER MARIOLA; and
DAVE ROBERTS,

       Defendants/Appellees.

No. 99-1113
(D.C. No. 97-B-1626)
(D.Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRISCOE** and **PORFILIO**, Circuit Judges, and **ROGERS**, Senior District
Judge.[**]

_____

Plaintiff/Appellant Eric Gomez brought this employment discrimination action against

the defendants alleging violations of the Civil Rights Act of 1866, 42 U.S.C. § 1981; the

Civil Rights Act of 1871, 42 U.S.C. § 1983; and Title VII of the Civil Rights Act of 1964,

42 U.S.C. § 2000e et seq, as amended by the Civil Rights Act of 1991. Gomez contended

---

[*]This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. The court generally disfavors the citation
of orders and judgments; nevertheless, an order and judgment may be cited under the terms
and conditions of 10th Cir.R.36.3.

[**]The Honorable Richard D. Rogers, Senior United States District Judge for the
District of Kansas, sitting by designation.

that he was discriminated against by the defendants when they failed to hire him as a full-time police officer on the police department for the City of Edgewater, Colorado ("City") because he is Hispanic. He also asserted state law claims of breach of implied contract and breach of covenant of good faith and fair dealing. The district court granted summary judgment to the defendants on all of Gomez' claims. Gomez appeals the district court's order. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

We review the district court's grant of summary judgment de novo. See Southwestern Bell Wireless, Inc. v. Johnson County Bd. of County Commissioners, 199 F.3d 1185, 1189 (10th Cir. 1999). Accordingly, we review the record and all reasonable inferences in a light most favorable to the nonmoving party. We will uphold the district court's decision only if no genuine issue of material fact exists and the prevailing party is entitled to judgment as a matter of law. Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998). A mere scintilla of evidence supporting the nonmovant does not create a genuine issue of material fact. Rather, the nonmovant must present facts from which a reasonable jury could find in its favor. See Anderson v. Coors Brewing Co., 181 F.3d 1171, 1175 (10th Cir. 1999).

In August 1995, Alan Pfeuffer was the City's Police Chief. Pfeuffer contacted Gomez and invited him to become a member of the City's reserve police officer unit. Gomez later accepted and became a reserve officer in November 1995. Chief Pfeuffer advised Gomez that future police department hires would come from the reserve unit since the department had established an assessment center that would test and rank members of the reserve unit

2

who wanted to become full-time officers.

On May 20, 1996, an assessment center examination was conducted by the Edgewater Police Department to fill an upcoming vacancy. Gomez, along with three others, took the test. Gomez ranked first and reserve officer Dave Munoz ranked second. At the time, the Department was in need of someone with advanced computer skills which Gomez did not possess, but which Munoz did. Gomez was approached by Chief Pfeuffer and asked to step aside so the City could hire Munoz and his computer skills. Gomez was told he would get the next available vacancy and would be assigned a seniority date retroactive to a date earlier than Munoz. Gomez initially agreed and then attempted to rescind the oral agreement because of his concern that something might go wrong. Chief Pfeuffer assured him that nothing would go wrong, and Gomez agreed to step aside and allow Munoz to be hired. The oral agreement was reduced to writing on May 28, 1996. In the document, Gomez was advised that his hiring as a full-time officer would occur "hopefully in late summer."

On July 15, 1996, Chief Pfeuffer was medically retired as Chief as a result of an on-duty injury he suffered. Dave Roberts became acting Police Chief. In late summer 1996, Roberts was informed by the Edgewater City Council that $10,000 had been allocated so two temporary part-time police officers could be hired, if he chose to do so.

In September 1996, the City Council passed an ordinance eliminating eligibility lists and requiring candidates for City positions to obtain applicable certifications provided by the Denver Regional Council of Governments ("DRCOG"). In the case of police officers,

DRCOG offered testing known as the Centralized Organization for Police Selection, or C.O.P.S. Under this amendment, individuals hired as police officers by the City had to be C.O.P.S. certified.

In October 1996, Gomez became concerned about his situation since he had not been hired. Chief Roberts informed Gomez of the change in eligibility brought about by the amendment. Roberts told Gomez that he was bound to follow the City's ordinances, but that he would honor Gomez' top ranking on the eligibility list for a period of one year from the issue date of the list, which was May 20, 1996.

During the remainder of his service with the City, Gomez was not offered permanent employment since no positions became vacant within the Police Department. Chief Roberts chose not to hire anyone with the additional money that was budgeted by the City Council. On January 3, 1997, Gomez submitted his resignation as a reserve officer. He later attempted to rescind his resignation letter, but his request was denied.

The defendants sought summary judgment in district court on all claims asserted by Gomez. As to the discrimination claims, they argued that Gomez had failed to establish a prima facie case of discrimination. The district court agreed, approving a magistrate's recommendation. In concluding that Gomez had failed to establish a prima facie case of discrimination, the magistrate stated:

> In the present case, Plaintiff is Hispanic and therefore a member of a protected class. Plaintiff has not established, however, that he received unfavorable treatment or that similarly situated employees not in the protected class were treated differently. Although funds were available to hire part-time

officers as of August 1996, no positions were created, and no officers were hired from that time until the date Plaintiff resigned from the reserve program. Plaintiff has failed to establish any evidence that the failure to hire new officers was based on a desire to avoid hiring Plaintiff. Such allegations and Plaintiff's deposition testimony on this issue are entirely conclusory. Furthermore, with regard to the position that was filled by Munoz in May 1996, Plaintiff was approached by the Chief of Police at the time and asked to relinquish his number one position on the hiring eligibility list in order to accommodate the Department's need to hire an individual with computer expertise. Plaintiff agreed to this arrangement on the condition that he would remain at the top of the list. The evidence indicates that the subsequent Chief of Police stated to Plaintiff more than once that he would honor Plaintiff's position on the list if Plaintiff complied with the other hiring requirements for any positions which became available.

As to the contract claims, the defendants argued that the memorandum between Chief Pfeuffer and Gomez did not create a contract and, even if it did, there was no breach. The district court also granted summary judgment on this claim, again approving the recommendation of the magistrate who found that there was no breach of the contract because there were no positions vacant or available prior to Gomez' resignation.

We are in accord with the analysis and the result of the district court on both of these issues. Since no vacancies ever existed, Gomez was not rejected for employment. No offers of employment were made to anyone during this period. There was simply no unfavorable employment decision. Accordingly, we agree with the district court judge that Gomez did not present sufficient evidence to demonstrate a prima facie case of discrimination. See Griffith v. State of Colorado, Division of Youth Services, 17 F.3d 1323, 1331 (10th Cir. 1994) (employer did not engage in retaliation or continuing discrimination against employee where, following filing of action, there were no positions available for employee or any other

5

employee eligible for promotion because of employer's state-wide freeze on promotions). Moreover, we find no evidence of a breach of the agreement that Gomez entered into with the City, to the extent that this memorandum of understanding can even be characterized as a contract. The memorandum of understanding indicated only that Gomez would be offered a position when a position became available. Again, since no vacancies occurred, Gomez could not have been offered a job. The fact that the City had set aside money for some positions does not mean that the Police Chief had to create those positions.

In sum, the decision of the district court is AFFIRMED.

Entered for the Court


Richard D. Rogers
District Judge